WACHTERSHAUSER v. SMITH.

*(Common Pleas of New York City and County, General Term.  June 2, 1890.)*

EVIDENCE—PAROL TO EXPLAIN WRITING.

> In an action for the breach of a written contract of employment for a "season,"
> in which the duration of the season is not specified, parol evidence is admissible
> to define the term.

Appeal from fifth district court.

Action by Otto Wachtershauser against Sydney Smith for breach of contract
of employment.  Judgment for plaintiff.  Defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*E. R. Volmer*, for appellant.  *H. C. Kudlich*, for respondent.

LARREMORE, C. J.  This is an action for an alleged breach of contract of
employment.  The answer interposed a general denial, with an allegation
that the defendant was discharged for cause.  The rate of recovery was based
upon the following letter:                                  "JULY 19, 1889.

"*Mr. Otto Wachtershauser*—DEAR SIR:  Your letter received.  I can give
you work for the season, commencing on the 12th of August, and, if possible,
will give you steady work, but cannot promise it.  If you are in N. Y., stop
in and see me.                            Yours, truly, SYDNEY E. SMITH."

In pursuance of the letter above mentioned, plaintiff went into the defend-
ant's employ on August 12, 1889.  The middle of the third week he was dis-
charged, as defendant alleges, on account of his imperfect work, and for in-
competency, receiving his wages for the time that he worked.  The plaintiff
claims that the word "season" meant employment until December 15, 1889,
and sues for damages for breach of the contract, from August 28 to Decem-
ber 15, 1889, at the rate of $13 per week.  The defendant testified that there
is no period of time known as a "season". in the trade, and was corroborated
by two of his workmen, who had been in his employ for several years.  It
will be seen that the letter upon which this action is predicated specifies no
time going to show the duration of the term "season" therein mentioned.  In
such a case parol evidence is admissible for the definition of such term.  The
court below believed plaintiff's testimony upon this point, and, although the
defendant's witnesses gave a contrary interpretation, the court had a right to
accept plaintiff's definition.

It appears, however, according to defendant's theory, that plaintiff was dis-
charged for incompetency, and, as that was a disputed question of fact in the
case, the finding of the court cannot be reviewed on this appeal.  It also ap-
peared that the plaintiff had been in the defendant's employ for over a year
previous to the contract last mentioned, and that he had given him a recom-
mendation when such employment terminated.  There are no important
questions of law arising in this case.  The court below is the judge of the
credibility of witnesses, and of all questions of fact.  The judgment appealed
from should be affirmed, with costs.